Our next case for argument is 23-1700 Flight Safety International v. Air Force Your Honors, if the Board's decision in this case is left undisturbed, it will confer considerable power upon the government to seize privately funded technical data for virtually all purposes. All the government would have to do is declare the data necessary for operations, maintenance, installation, or training, and there you go. They claim – All it has to do is claim it? The court doesn't have to make a determination on whether it's omit data? As a practical matter, what happens is if they assert this issue that it's necessary for operation, maintenance, installation, and training, then there is an argument back and forth that is frankly impractical. In the commercial context, that doesn't confer truly unrestricted rights to use the data in any manner if it is assertedly necessary for operations, maintenance, installation, or training. Rather, they have – whatever rights that are unrestricted rights under the Commercial Data Clause 252227-7015, they're not completely boundless. And that's the problem here is they're asserting that their rights are completely boundless as if it was non-commercial data. And that's a significant difference because under the non-commercial data – I'll step back. The non-commercial clause, which is 252227-7013, which governs technical data that is funded in whole or in part by a contractor versus 252227-7015, which governs the treatment and rights of the government with respect to – My argument, as I understand it, is that the government has the right to the data, but they can't object to a clause on the drawings that limits that right. That seems to me to make no sense. Well, the difference is – Particularly when the statute specifically gives them the right to object to the logos on the data. I'm sorry, Your Honor. Particularly since the statute specifically gives them the right to object if the logo contradicts their rights. That's not quite correct, Your Honor. What the statute gives the Defense Department to object to when data is assertedly commercial, their challenge is limited to whether or not it's commercial. Once they – if it is not commercial, then the analysis of whether or not a particular legend is appropriate is done under the non-commercial clause, both of which are in this contract. But unless and until that finding is made that it's non-commercial, the commercial restrictions apply. And the reason for that is a matter of practical – is a practical matter, is that commercial technical data is developed at private expense before it reaches the government and before the government seeks it. And that's what happened in this case. The legends were there. And what the government is asserting – Counsel, do you agree that the government can make challenges to the markings, at least in some instances, regardless of whether the data was developed exclusively at private expense? Your Honor, under that language, no. They don't get that right. What about 37713, right, which lists categories of commercial data developed exclusively at private expense where the government does have the right? Well, that goes – that's a separate issue. There's two issues here. Number one is the existence of the legend on the data as they receive it and acquire it as a commercial actor under the whole notion of commercial contracting. But that's distinguished from the actual rights under the contract, right? The legend stays, but the rights are defined by the contract. So – I'm sorry. I'm not quite following. Are you focused now on the issue of whether the government has the right to challenge or are you focused on the merits issue if the government has the right to challenge? Well, that's the – in some ways, they're different sides of the same coin, if you will. The right to challenge is limited to the commerciality of the data. And if you look at the commercial data clause – What about 3782, which specifically – of the statute, which specifically gives the government the right to challenge the logo, sorry, the labels? The government gets to challenge the logo. See, you have to look at all these clauses together in order to understand. First of all, the plain meaning of the statute and the validation clause that's based on the statute has limitations. But if this court were to conclude that, yes, the government can challenge a commercial clause for whatever reason they might assert, you then go to the commercial data rights clause to figure out, well, what is the remedy? Does the government get to dictate the terms on a commercially – a commercial technical data – in this case, drawing? And the answer is no, because there is no language that gives them that authority. That authority exists under the non-commercial clause, which is why the way the procedure – if you follow it on a decision tree, number one, is it commercial? If yes, then case closed. If the answer is it's not commercial, you go to the non-commercial clause. The government has a lot of latitude to challenge the language of a commercial – of a restrictive legend. And even in situations where it has – Does 3782 of the statute apply to this case or not? Forgive me. You don't know what this section is? My memory is – is that the one where – is that the validation – the whole validation clause you're referring to? Okay. So there's old – it's re-designation. It was in – It was titled Technical Data Challenges to Contractor Restrictions, and it says the Secretary of Defense can challenge a use or release restriction. That is – that is there, but 3784, which is the commercial data rights validation statute, applies when it's – when it's assertedly commercial. And that then takes you over to – Does the section I mentioned apply here or not? If the data are found to be non-commercial, yes. But that's the threshold question. But where does that section say anything about such a distinction? I believe – what I'm struggling with here in terms of my memory is the difference in the old statute numbers and the new ones. I believe it's 3784 is the validation provision, and that's the opening question on assertedly commercial technical data. Once that threshold is – it's found to be non-commercial, then you do get to a broader set of challenges where the government can assert all the various reasons. So if – the way this could have worked is the government could have said – So if the government confronted – was confronted with a label on a drawing which said the government has no rights to this drawing, there's no way the government could challenge that if that was privately funded. That's our argument, because the government acquires – Even though it does, in fact, have those rights, it can't challenge the denial of those rights. But the contract defines rights. Sorry. Their own regulations state that the contract determines their rights. And the argument here is simply – Don't you see how that doesn't make sense, what you're saying? Like listening to your answer to Judge Dyke's hypothetical, do you see why that sounds nonsensical? If you assume that commercial data should be treated the same way as non-commercial data, yes, that sounds absurd. However, the whole reason why commercial data should be taken differently is – And as I argued in the brief, if you buy a car and that car has a manual, and suppose that car manual has a legend, does the government have the right to tell the manufacturer of the car to completely redo its manual and remove any such restrictions? I think the practical response to that is no, because really, what's defining the rights of the government to take that manual and distribute it to whoever, as long as it's for operation, maintenance, installation, and training, is unrestricted. They can do that. And the legend doesn't itself change the contractual rights in the commercial context. Doesn't the legend cause some confusion, at least, with respect to the contractual rights? Well, that issue was somewhat – was raised in some extent in the Boeing case, where the government asserted – So yes or no, could it cause some confusion with respect to the contractual rights? There is no evidence that it would cause confusion. And this court in the Boeing case – Okay, take it as a hypothetical. Could it cause some confusion with respect to the contractual rights if the legend is contradictory? If the actor is a stranger to the contract and is not part of the program that's being administered to the contract, I suppose it's possible. However, what we're talking about here is the use of the data in the context of the contract as it exists. And if the contracting officer or the technical personnel in the program – the contracting officer's representative and those folks – hand the data off to, say, a contractor that has a responsibility to somehow operate the system, they will be told, our rights are to do X, Y, and Z – or extend to do X, Y, and Z. But because they acquire the data on a commercial basis, the legend is what it is. And that's why this is so significant, because if the government wins this and has the right to remove the legend in its entirety, if this data gets out without any legend whatsoever – and the government didn't offer any alternative in that regard, it just said no legend whatsoever – under the commercial clause, where it says the government will have no liability on what – Because there's a challenge process in terms of raising issues with the legend. I didn't think it automatically led to removal. Am I mistaken there? Forgive me, Your Honor. I thought there was a challenge process with respect to raising issues with the markings. I didn't think it led to automatic removal. Am I mistaken there? Well, that's what the government asserts, is that here, in this case, they objected to the legends, they said – forgive me – they said that the legend should be removed because they didn't like it. They then, when Flight Safety gave its response and proposed an alternative legend, the government continued to say that process – that legend is unacceptable, and they initiated the challenge process. And that is where we say that that challenge process shouldn't apply beyond the question of whether the data are commercial technical data or not. And if the answer is that it's commercial technical data, the inquiry ends. The legend stays. And as I've been pointing out, as a practical matter, that makes sense when you consider the difference between commercial technical data – And you can say on the data, on the drawing, you can say the government has no rights to this data. There's no way to challenge that, and that's it. Well, that – the way of framing that, Your Honor, is a situation as if – and I see that I'm wandering deeply into my rebuttal period – but that situation suggests that a commercial contractor is putting a label on it after it is entering into a contract with the government. And that's not what's happening here. This is the commercially used restriction that's used with respect to all transactions with commercial purchasers. And here the government is standing in the shoes of a commercial purchaser. And the only reason it has access to this technical data, given that the automatic assumption is that a commercial contractor only is obligated to turn over the technical data that's given to the general public. But here they get more. And that does not mean they get the right to redo all of the legends that are on that data. It merely means they get to use it in accordance with the terms of the contract. But the problem is that the statute, 3786, expressly says the government has to abide by election, by whatever legend it is, which includes both use and release or disclosure of technical data. So if you have this legend on there, it's not just that they can't challenge it. That legend binds the government and they can't use it. And the Validation Clause says exactly the same thing. Section G of the Validation Clause says that the government will be bound by that marking. And it says so regardless of whether it's a commercial or a non-commercial clause. So I don't understand. Well, the problem is, Your Honor, if that is the case, then the language that governs whether or not there can be a legend at all under the Commercial Clause, and I see my time has expired. Under the Commercial Technical Data Clause, the government simply cannot dictate what should be the legend. Yeah, but they can't even use it then. The way you've labeled these things, if they can't challenge that, then by statute and by the Validation Clause, both, they are not allowed to use the data. Your Honor, it's a question of what's in the contract, though. Contract rights... The Validation Clause is in the contract. It was imported into the contract. Yes, the Validation Clause... So the government can't use the data because you put this legend on it and they can't challenge, even though they contracted with you, they can't even challenge the legend so that they can use the data. No. The issue is whether or not they have rights, and that's defined by the contract. Here, if the legend were on there... You've agreed that they have rights to the data. Yes. They do have rights to the data, but they don't have the right to rewrite legends that are on there. They have the right to use the data in accordance with the terms of the contract. No. I'm sorry, sir, but the contract can't trump the statute, and the statute expressly says under 3786 that a use or a restriction or a release restriction, basically, your legend impacts the government's right to use technical data or release or disclose technical data. So your legend does, by statute, affect their right to use. Well, in that sense, then, Your Honor, the government's own regulations under 27, I don't recall the exact number off the top of my head, but there is provision in the policy statement where it says that there's language that states that the rights of the government are defined by the contract in the regulations, and if that's the case, then the regulations fail. Do you think either a regulation or a contract can trump the statute? In certain senses. No, they can't. Okay, let's hear from the government at this point. Morning, Your Honors. May it please the Court. The parties do not dispute that flight safety unambiguously granted the government an unrestricted rights license in the drawings at issue in this case. The dispute, instead, concerns what exactly that means. And as we've heard, flight safety takes a very maximalist position that it may apply any marking whatsoever, regardless of how inconsistent with the government's rights under the contract, under the statute, et cetera, and the government has no vehicle to challenge that whatsoever, unless it's in a position to challenge this. And not only do you have no vehicle to challenge it, but unless I'm mistaken, under both the and the validation clause, which is the regs, and this contract, you, the government, have agreed by statute, by reg, and by contract to be bound by whatever legend they put on there. So even though you've contracted and you've paid earnest money to have use of certain data, by statute, by reg, and by contract, if his interpretation is correct, you can't actually use the data. I think that's exactly right, Your Honor. It would be one thing, you're correct to point out the statute, because it would be one thing For the contract clause, which we assert is fully applicable, the validation clause, I suppose you could say flight safety's position is that that clause doesn't apply in the first place, so that restriction wouldn't apply, but the statute still applies in any event. And so the government is bound by that legend to the extent that it has to follow the process of the validation clause, which is exactly what it did here. Let me give you an opportunity to respond to opposing counsel's commercial, non-commercial distinction. It's an important distinction, but it doesn't have the effect that opposing counsel suggests that it does. It's not the case that a challenge has to move a technical data from the commercial realm to the non-commercial realm before it can get into the government's rights on the data. And one of the pieces of evidence for that is the fact that the statute expressly gives the government additional rights beyond what a commercial purchaser would obtain in certain forms of data, whether form, fit, and function data, here, OMIT data, operation, maintenance, installation, and training, and some other categories of data. So those additional rights are granted to the government above and beyond what you or I as a commercial purchaser, as a consumer, would get in the same technical data and a commercial purchase. So that's the sort of false analogy with this car analogy, for example. Sure, as a consumer walking into an auto dealer, you have less rights than the government would obtain by statute, by Congress's design, when it purchases commercial data. The government is encouraged in many circumstances to make commercial purchases and generally obtain similar rights to what would be obtained in the commercial marketplace, but there are certain clearly delineated exceptions, including the exception for OMIT data. I have a question just about impact. I have never seen a case like this before. Are there a lot of such cases out there? I guess what I'm getting at is how often do contractors give the government data like this and then put a legend on it that basically would restrict not just dissemination, but even use? Well, I think these types of issues come up a lot to the extent that legends are provided on data that's provided to the government, and then the government challenges them through the process that's envisioned by the statute, by the clause, and so I think that's quite common. I think flight safety's position in this appeal is not common and conflicts strongly with the government's understanding, as we pointed out in our brief, as the board concluded, and as the statute and clause are set up, because the validation clause is in place exactly for this type of circumstance, where there's a legend that conflicts with the government's rights. The government used its rights as a matter of course through the process envisioned by the clause, by the statute, and effectuated and defended its rights through that process. I think their strongest argument is 3784 in the only if language, so can you address that? Yes, Your Honor. So 3784, which again at the time was 2721, so this is part of the presumption of the but that presumption only applies to the question of whether it was developed at private expense or not. So the presumption provides that, yes, the government will presume when it's challenging the source of funding that the item was developed at private expense. It's an evidentiary presumption, and you can challenge that source of funding only if you can bring specific evidence that would show that it was not developed at private expense, but that does not suggest that that is the entirety of the universe of a challenge to a restrictive marking under the validation clause, under the validation statute. So that's the limitation of that only if. In fact, you can see that through on 3784, the beginning of that sentence where only if appears states, in such a case. In such a case, in our view, relates back to specifically the case of a challenge to the source of funding, which is not what we have here. What we have instead is a different type of challenge. Another indication of this in the old... Out of curiosity, how does it relate back to the source of funding? Which sentence do you think it relates back to in such a case? I thought the first sentence is, in the case of a challenge to a use or release restriction that is assertive with respect to technical data under a contract for commercial products, contract owners shall presume it was developed at private expense, right? In such a case, do you think it relates back to the presumption that it was developed at private expense? Yes, you're right. Okay. Just to make sure I understood. It's clear in the whole context in a sense that government made your job harder in this case by recodifying, Congress did rather, because in 2321, all of these sections are more clearly connected and then they were broken apart in the recodification which postdated the events of this case. But when you see all of it together in the old 2321, it makes more sense that that is a presumption that applies to one specific type of challenge but not to the challenges overall that are envisioned under that statute. And that's clear in a variety of ways through the statute and through the clause. The requirement that a challenge state the specific grounds for challenging the assertive restriction. If the only way to challenge was on the basis of the source of funding, you wouldn't need that language and even more clearly, the language that provides for the three-year typical limitation for that challenge but then says, well, that doesn't apply if your challenge is based on the fact that it's been made public or it's been provided to the United States without a legend or it's been otherwise provided in an unrestricted matter to the United States. Well, again, all of those don't fit into this bucket that my friend for flight safety has suggested, which is that you have to first, as a threshold matter, have a challenge to the source of funding before you even get to any of these other sorts of rights adjudications. That's just not the way the statute or the clause in the contract are set up. The statutory and regulatory and contract scheme are clear that the government has the right to challenge the legends at issue in this case. The board also correctly concluded that flight safety's legends, in fact, contradict the government's rights, that they cannot stand and that the government has the unrestricted right, which includes the right to use these data for the reasons that are stated in the clause and in the statute, which is the government shall have the unrestricted right to use, modify, reproduce, release, perform, display, or disclose technical data and to permit others to do so. So this is a very broad, unrestricted right. Counsel, as part of your argument as to why you can make challenges beyond what opposing counsel is trying to cabin you into, is that it at least says in the statute that you need to state the specific grounds for challenging the asserted restriction. And if there were only one ground, maybe you wouldn't need to state that. Is that true? That's correct, Your Honor. Yes. And you can say more. I don't mean to... No, that's exactly right. I think that's... You know, trying to tie it to the... I think there are several layers. We're trying to make a textual argument as to what clues we can see in the statute itself. That's certainly one of them. The other one I mentioned is the provision that permits a challenge past three years for certain reasons, none of which have anything to do with the source of funding. So these are clues within the text of the statute itself. Certainly the context of that entire statute, within the context of the other statutes as well. So, for example, it would make no sense for Congress to give the government additional rights in OMID data, in form, fit, and function data in such things, and then provide no avenue by which to effectuate those rights and to defend those rights. So read in the context of both that section of the statute as a whole, that section of the United States Code as a whole, and the Contract Clause as a whole, it's clear that this validation clause was intended to include a challenge to other sources, to other reasons for challenging a restriction other than just the source of funding. We haven't discussed, Your Honor, anything about the extent of the government's rights. I'm happy to address that if you have any questions about that. Otherwise, I think that the position of the government is clear that the restrictions can be challenged. The Board explained clearly why flight safety's markings in this case do indeed conflict with the government's unrestricted rights, and correctly determined that those unrestricted rights provide the government the right to use this data for the purposes listed, which are very broad and unrestricted, and include manufacturing additional items, providing to as part of a competitive acquisition, for example, for replacement of these parts or other purposes of that nature. Okay. Thank you, Counsel. Let's restore two minutes of rebuttal time for Mr. Wolf-Rhoda. Thank you, Your Honor. I would just like to focus briefly, assuming that the government had the right to challenge these legends, that then there's two remaining issues, as Counsel mentioned. One is whether these legends, in fact, contradict with the government's rights. The short legend that's identified in the provision simply states that the data are proprietary to flight safety. That is a statement of fact that is, frankly, undisputed. There is no dispute that flight safety owns the data. That simply is all that says. That does not conflict with the government's rights. Second, the other label that was applied that they challenged specifically acknowledged that the use of the data were to be governed by things that were done in writing. What's the writing here? It's the contract. The contract defines the rights, and so the legend is not inconsistent with that. This Court has previously held in Boeing that a contractor can include a copyright notice. That copyright notice is there and is perfectly fine, and there is no conflict there. Even if you then turn to the alternative clause that was discussed, again, it makes reference to the contract clause, and it defines the restriction in terms of what rights the government has. It doesn't contradict the rights. Beyond that, I would like to just briefly touch on the question of purpose. The data can be used only with restricted rights, and that restricted rights are connected to the purpose. How do we know that? The definition of unrestricted rights, although it's not expressly termed a definition, there is language there that includes a number of things that the government can do. If you compare that with the unlimited rights in the non-commercial clause, there's a key difference, and that key difference is, and for any other purpose whatsoever. If this data was non-commercial, they could take it and throw it and put it and line their rabbit hutches and all that, but here they may not do that. They have to use it, as I argued in the brief, to accomplish omit purposes and not beyond that. Thank you, Your Honors. I request that the decision be affirmed and grant such other relief as also assorted in the brief. Thank you. Thank you. This case is taken under submission.